## MORRIS *v.* THE STATE OF GEORGIA.

Where two persons pleaded guilty to an indictment for simple larceny of 450 pounds of lint-cotton of the value of $35, and another was indicted and tried for receiving the same cotton knowing it to be stolen, and it was shown by the evidence to have been packed into one bale, the offence of which the principal thieves had been convicted was a misdemeanor, but the offence shown by the evidence was a felony, of which the city court of Clarke county had no jurisdiction.

November 27, 1889.

Criminal law. Larceny. Receiving stolen goods. City courts. Jurisdiction. Before Judge COBB. City court of Clarke county. December adjourned term, 1888.

Reported in the decision.

THOMAS & STRICKLAND, for plaintiff in error.

S. MORRIS, solicitor, by R. B. RUSSELL, for the State.

BLANDFORD, Justice.

One Mattox and Williams had been indicted in the superior court of Clarke county for the offence of simple larceny, in that they did steal 450 pounds of lint-cotton of the value of thirty-five dollars. They pleaded guilty, and were by judgment of the court sentenced to the chain-gang for twelve months. The plaintiff in error was indicted and put upon his trial in the city court of Clarke county for receiving stolen goods, knowing the same to have been stolen, in that he received the same lint-cotton for which Mattox and Williams had been convicted of larceny. Upon the trial of the case, it was shown by the evidence that the lint-cotton said to have been stolen was baled and packed, constituting one bale of cotton. The offence for which the principal thieves had been convicted was a misdemeanor. The offence, if any, which the evidence in this case shows was committed, was that of felony. The city court of Clarke county had no jurisdiction to try one charged with a felony. Under the act of 1880, code, §4419(a), it is made a felony if any person shall take, steal and carry away a bale, or any number of bales of cotton, from any place where the same may be stored, whether the same shall be in a house or not, or within the curtilage or not; then the person so offending shall be punished by imprisonment in the penitentiary. It was held by this court in the case of *Moseley* v. *State*, 74 *Ga.* 404, that for one to steal a bale of cotton, whether the same had been stored or not, he was

guilty of a felony, and that the word "stored" in the
act of 1880 meant any place or locality where the cotton
might have been placed.    We think that under this act
the court had no jurisdiction to try the plaintiff in error,
under the proof submitted in the case.    We do not ap-
prove of the charge of the court complained of in this
case, but it is unnecessary to say anything about it in-
asmuch as we put the case upon the ground above
stated.    We think the court erred in not granting a
new trial.                            *Judgment reversed.*