97   43
99  406

97   43
e101 203
97   43
105   77
·p105 869

# Richmond.

## JONES v. MORRIS.

### MARCH 30, 1899.

1. CRIMINAL LAW—*Irregularities in Warrant — Waiver — Twice in Jeopardy.*—An accused may waive irregularities in the warrant for his arrest, and where he has done so, and the justice has jurisdiction of his person and of the offence with which he is charged, and hears the charge on its merits, the judgment of the justice is final and conclusive, and the guilt or innocence of the accused of that charge can never again be called in question.

2. CRIMINAL LAW — *Larceny—Warrant—" Feloniously "—Acquittal.*—The omission of the word "feloniously" from a warrant charging an accused with larceny will not vitiate a judgment of acquittal. No objection having been taken to the omission, and the charge having been fully investigated, the judgment of acquittal is a complete bar to any further prosecution for the same offence.

3. INSTRUCTIONS—*Evidence to Support.*—Any evidence tending to prove a fact is sufficient to justify the court in giving an instruction applicable to it, if requested so to do, even though the evidence be so slight as to be insufficient to support a verdict founded on it.

4. GOOD CHARACTER—*Presumption.*—As it is the duty of the owner of a tugboat to place a man of good character in the position of captain of the boat, it is to be presumed, in the absence of evidence to the contrary, that he exercised that care and discretion which the law imposed upon him as a duty.

5. MALICIOUS PROSECUTION—*Advice of Counsel as Defence.*—In an action for malicious prosecution, if the defendant relies upon the defence that he acted under the advice of counsel and not upon a fixed determination of his own, the burden is on him to prove that he sought counsel with an honest purpose of being informed as to the law, that he made a full, correct, and honest disclosure to his counsel of all the material facts within his knowledge bearing on

the guilt of the plaintiff, and that he was in good faith guided by the advice of such counsel in causing the arrest of the plaintiff. Whether such disclosures were made, or the defendant in good faith acted on such advice are questions for the jury under the evidence in the particular case.

Error to a judgment of the Law and Equity Court of the city of Richmond rendered February 16, 1898, in an action of trespass on the case wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The evidence sufficiently appears in the opinion of the court. The instructions given by the trial court, on the motion of the plaintiff, and notwithstanding the objection of the defendant, were as follows:

### *Plaintiff's Instruction No. 1.*

" The court instructs the jury that the burden of proof is upon the defendant to prove that he sought counsel with an honest purpose to be informed as to the law, and that he was in good faith guided by such advice in causing the arrest of the plaintiff, and that whether or not the defendant did, before instituting the criminal proceedings, make a full, correct and honest disclosure to his attorney or attorneys of all the material facts bearing upon the guilt of the plaintiff, of which he had knowledge, and whether, in commencing such proceedings, the defendant was acting in good faith upon the advice of his counsel are questions of fact to be determined by the jury, from all the evidence and circumstances proved in the case. And if the jury believe, from the evidence, that the defendant did not make a full, correct and honest disclosure of all such facts to his counsel but that he instituted the criminal prosecution from a fixed determination of his own, rather than from the opinion of counsel, then such advice can avail nothing in this suit."

## Plaintiff's Instruction No. 2.

" If the jury believe, from the evidence that the plaintiff, up to the time of his arrest, uniformly bore a good reputation for honesty and integrity, and that the defendant knew his reputation to be such up to the time of his arrest, then that fact is a proper one to be considered by the jury, in connection with all the other evidence in the case, in determining whether or not the defendant had probable cause to believe, and did believe, in good faith, that the plaintiff was guilty of the crime charged against him."

## Plaintiff's Instruction No. 3.

" The jury are instructed, that if, from the evidence and instructions of the court you find for the plaintiff, then in assessing the amount of the plaintiff's damages you have a right to take into account, and the plaintiff is entitled to recover compensation for his loss of time, and for his suffering both bodily and mental, including the injury to his reputation and feelings if any, sustained by the wrongful act of the defendant, and if the jury believe the act complained of was committed with actual malice and a design to injure or oppress the plaintiff, the plaintiff may also recover punitive or exemplary damages, that is to say the jury will not be limited to mere compensation for the actual damages sustained by him; they may give him such further damages as they may think right in view of all the circumstances proved at the trial as punishment to the defendant and as a salutary example to others to deter them from offending in like manner."

*Pollard & Sands,* for the plaintiff in error.

*Smith, Moncure & Gordon,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

On the 8th of April, 1897, A. C. Jones sued out a warrant of arrest, in the city of Newport News, charging that J. C. Morris of the city of Richmond in the said city " did unlawfully, $40 in current money of the United States of the goods and chattels of the said A. C. Jones, of the value of $40, take, steal and carry away." Upon this warrant Morris was arrested on the 10th of April of the same year; was, by the justice before whom the warrant was returnable, committed to a policeman of the city of Richmond, and was by the latter carried to the said city, and, on the 12th of April, upon trial before the Police Justice of the said city, acquitted and discharged. Thereupon Morris instituted a suit against Jones for malicious prosecution, and upon the trial the jury found a verdict in favor of the plaintiff for $1,500, which is before us upon a writ of error sued out by the defendant.

The first error assigned is that the defendant's demurrer to the plaintiff's declaration and to each count thereof, should have been sustained.

The second assignment of error is to the action of the court in not excluding from the consideration of the jury the warrant offered in evidence, on which the plaintiff was tried in the Police Court of the city of Richmond, and also all evidence relating to the trial referred to in bill of exception No. 1.

These two assignments of error may be considered together. The point presented for consideration is as follows:

Morris was arrested upon a warrant sued out by a Justice of the Peace of the city of Newport News, charging him with an offence committed in the city of Richmond. When he was brought before the justice who issued the warrant it was his duty, under section 3959 of the Code, to commit the accused by warrant to an officer " who shall by virtue thereof carry him to the county or corporation in which the trial should be, and

there shall take him before and return such warrant to a justice thereof unless otherwise provided."

Now the contention of the plaintiff in error is that inasmuch as no warrant was issued by the justice in Newport News, authorizing the conveyance of the prisoner to the city of Richmond for trial, the Police Justice of the last mentioned city acquired no jurisdiction over the accused, and the offence alleged to have been committed by him; that the proceedings before the Justice in Richmond were wholly without jurisdiction, the judgment rendered by him a nullity, the prosecution instituted not as yet finally ended, and therefore an essential requisite to an action for malicious prosecution absent in this case. It may be conceded for the sake of argument, and to that extent only does the court commit itself, that Morris had the right to challenge the authority of the officer by whom he was taken from Newport News to Richmond for trial; that in the absence of a warrant, such as is provided for in section 3959, he was unlawfully deprived of his liberty; that the proceeding before Justice Crutchfield was, in the absence of such a warrant, irregular, and that upon objection taken by Morris an adverse judgment would have been erroneous, and subject to be reversed upon writ of error. The fact remains that the Police Justice of the city of Richmond had ample, indeed, exclusive jurisdiction of the offence. The accused was present in court, made no objection to the trial, and if judgment had been rendered against him, would have been held to have waived any irregularity. It appears from the evidence, and indeed from the very terms of the assignment of error presented by the plaintiff in error, that Morris was tried in the Police Court of the city of Richmond upon the warrant issued in Newport News which sufficiently describes the offence with which he was charged. The evidence in support of it was fully presented to the trial court, which very properly rendered a judgment in favor of the accused. That was a final end to the prosecution for the alleged offence. Morris was put

in jeopardy before a justice having jurisdiction over his person, and over the subject matter of the crime with which he was charged, and his guilt or innocence can never again be called in question upon that charge.

" Jurisdiction comes solely from the law, in no degree from the consent of litigants. So that neither consent nor anything else can authorize a court to act in a cause outside the sphere which the law has ordained for it. But where the subject matter is within the cognizance of the tribunal, and the right to take jurisdiction of it in the particular instance depends on facts *in pais*,—such as the residence of parties, and others within the like reason,—consent will, in the absence of any special circumstance forbidding, establish the required fact, the same as would the verdict of a jury; so that, in such a case, there may be waiver." Bishop on Crim. Procedure, (4th ed.), sec. 124.

We are of opinion that these assignments of error are insufficient.

For like reasons we are of opinion that the objection to the form of the warrant cannot be maintained. "A warrant," says Bishop, Vol. 1, p. 187, " need not set out the crime with the fullness of an indictment, but it should contain a reasonable indication thereof. Minor defects will not render it inadequate as a justification to the officer." It is true, that the warrant in this case charges that Morris unlawfully did take, steal and carry away money of the value of $40. It omits to charge that it was done feloniously, and we are not concerned to say that that word ought not properly to have appeared in it, or if objected to by Morris the warrant might not for that reason have been considered defective. The fact remains that no objection was taken; that the whole subject was investigated, and judgment of acquittal rendered. That judgment, we repeat, is a complete bar to any prosecution for the same offence.

Another assignment of error is to the giving of instructions offered by the plaintiff set out in bill of exception No. 2. The

objection taken to the first instruction is to the closing sentence, in which the court states to the jury that " if they believe from the evidence that the defendant did not make a full, correct, and honest disclosure of all such facts to his counsel, but that he instituted the criminal prosecution from a fixed determination of his own, rather than from the opinion of counsel, then such advice can avail nothing in this suit." The objection is that there is no evidence to support this statement of the law. Any evidence tending to prove a fact is sufficient to justify the court in giving an instruction applicable to it, if requested so to do, even though the evidence is so slight as to be insufficient to support a verdict founded upon it. *Washington &c. R. Co.* v. *Lacey,* 94 Va. 460, and authorities there cited. The defence chiefly relied upon before the jury is that the defendant had made a full disclosure of the facts connected with this trans-action to his counsel, and had acted upon his advice. There is evidence, it seems to us, that there was a predetermined inten-tion upon the part of the plaintiff in error to institute this action, and that the real question submitted to counsel was as to the jurisdiction of the justice of the city of Newport News to decide it. Plaintiff in error states in his own testimony that he con-sidered it a duty resting upon him to prosecute this offence against a man whom he denounced as a common thief; and, under such circumstances, in view of the established doctrine of this court upon the subject, we cannot say that the evidence was insufficient to warrant the court in submitting to the jury the question embodied in the instruction given.

The objection to the second instruction is that it is predicated upon the idea that the defendant knew the plaintiff bore a good reputation for honesty and integrity, whereas the evidence shows that the defendant had no knowledge on this subject. The authorities cited with reference to the first instruction are equally applicable here, and the facts are even stronger. Plaintiff in error states in his testimony that he was the managing owner of

two tugboats; that he selected defendant in error as the mate of one of them, which position he occupied for some months, and was then promoted to the position of captain of the tug. For some reason unknown to defendant in error, as he claims, Morris was dismissed, but was restored after a short time by direction of the plaintiff in error. The captain of a tug occupies quite a responsible position. He has difficult duties to perform, involving the exercise of not inconsiderable discretionary power and authority. It was the duty of the plaintiff in error to place in this position of trust a man of good character, and it is to be presumed that in his selection he exercised that care and discretion which the law imposed upon him as a duty. We think this assignment of error not well taken.

The last assignment of error is to the refusal of the court to set aside the verdict and grant a new trial.

It appears that Morris was the captain of a tugboat owned and controlled by Jones. He received as compensation a salary of $50 per month. On January 5, 1897, he went into Newport News in command of the tugboat "Henry Christian," and went to the office of the owner of it, the plaintiff in error, and was told by him that his services were no longer needed, as he intended to place a Captain Lawrence in charge of the tug. This was the first intimation that Morris had of his discharge. He said in reply: "All right, Doctor, you are the boss, but I think you will find out that you have made a mistake." He then asked Jones for a settlement, who replied that he could not settle at that time, but it was admitted that there was a balance due Morris. After this interview, Morris went on board the "Henry Christian," supposing that he had been properly discharged, but, after leaving Newport News and arriving at City Point, on his way to Richmond, he began to think the matter over, and went to the boat's chest, took out the papers, and found that they still had on them his name as master of the boat, so that by marine law he was still the master of the boat. On reaching Richmond

he was met by Captain Rose of the " Dora Allison," who offered to pay him $40 towage which he had theretofore earned while in charge of the tug." Luckenback " on a trip made in that boat, in place of Captain Grant, during the latter part of the previous December.  He received and receipted for this money to Captain Rose, and immediately informed the plaintiff in error of the fact. Thereupon plaintiff in error wrote saying that Morris had no right to collect this bill; that it should have been paid to Captain Lawrence, and unless the whole amount was remitted he would not receive any part of it.  As we have seen, there was a balance due Morris upon a settlement, and this balance he claimed the right to retain, amounting, for the eight days service in January and the $4.20 due for the month of December, to $17.56.  The balance of $22.44, Morris appears to have been always ready and willing to account for, but Jones declined at first to receive anything less than the full amount of $40, and finally yielded to the extent of permitting a deduction of the December balance. These seem to be the material facts.  The money was received by Morris in good faith.  He claimed in good faith the right to retain the balance in his judgment due to him as wages, and the residue he stood always ready to pay over.  There was not the shadow of reason to charge him with larceny, and it is difficult to perceive how any reputable lawyer could have advised his arrest if a full disclosure was made of the circumstances connected with the transaction.  The evidence, in our judgment, establishes all the plaintiff was required to show to entitle him to recover, and the defendant could only escape an adverse verdict by evidence satisfactory to the jury that he had made a full and frank disclosure of the facts to a lawyer, and acted in accordance with his advice.  The jury were therefore told that the " burden was upon the defendant to prove that he sought counsel with an honest purpose to be informed as to the law, and that he was in good faith guided by such advice in causing the arrest of the plaintiff, and that whether or not the defendant did, before

instituting the criminal proceedings, make a full, correct, and honest disclosure to his attorney of all the material facts bearing upon the guilt of the plaintiff, of which he had knowledge, and whether, in commencing such proceedings, the defendant was acting in good faith upon the advice of his counsel are questions of fact to be determined by the jury, from all the evidence and circumstances proved in the case. And if the jury believe, from the evidence, that the defendant did not make a full, correct, and honest disclosure of all such facts to his counsel, but that he instituted the criminal prosecution from a fixed determination of his own, rather than from the opinion of counsel, then such advice can avail nothing in this suit."

As we have already seen, the evidence affords strong ground for the opinion that plaintiff in error was actuated by a fixed purpose to prosecute the defendant in error, and it by no means satisfactorily appears that a full disclosure was made of the circumstances to either of his attorneys, certainly not to Mr. Bcykin, who not only did not hear the case fully, but expressly declined to give any opinion upon it, and it is not less certain that Moss, the other counsel, was not fully advised. Plaintiff in error enters into no particulars as to the communications made by him to his counsel. He states in general terms that he stated the case fully to Mr. Moss, but it appears that he did not tell him that he had employed defendant in error, paying him $50 per month from the 1st of December to the 1st of January; that he had discharged him without giving any reason for the act; that he had held back a part of his money; that his name still remained upon the papers of the tugboat as captain, after his discharge and when he collected the money in controversy, or that Captain Morris had told him that he had been advised by counsel that he was entitled to claim his salary for the entire month. These material facts, and perhaps others, were not communicated to either of the counsel of plaintiff in error. If Morris, having received the money of his employer, fraudulently converted it

Opinion.

to his own use, he was guilty of larceny; but if, having the money of his employer in his possession, he stood ready to account for any balance that he believed to be due, and claimed the right to retain for a debt what he believed due himself, then he was not guilty of larceny. It was, therefore, conspicuously a case in which the frankest disclosure of all the attending circumstances should have been made before branding as a felon a man who had theretofore borne a good character in the community, and who plaintiff in error himself had accredited as worthy of confidence.

We are of opinion that the judgment should be affirmed.

*Affirmed.*