# Richmond.

## SATTERFIELD v. COMMONWEALTH.

### March 8, 1906.

1. CRIMINAL LAW—*Petit Larceny—How Charged—"Feloniously."*—The word "felonious" is not used in the statute of this State defining petit larceny, and, after a conviction not appealed from, the charge in a warrant that the accused did unlawfully take, *steal* and carry away the property of another, without a charge that the taking was felonious, is a sufficient charge of petit larceny to support a judgment of conviction, especially when collaterally attacked.

2. CRIMINAL LAW—*Petit Larceny—Third Offense—Charge of Former Convictions—Punishment.*—A second offense of petit larceny may be charged and punished as though the first offense had not been committed, and hence upon a charge of a third offense of petit larceny the fact that the punishment annexed to the second offense was such as is appropriate for a first offense, does not, on a demurrer to an indictment setting out the first two offenses and the punishment inflicted for each, negative the fact that the accused had been twice before convicted of a like offense.

3. CITY OF DANVILLE—*Criminal Jurisdiction of Mayor—Judicial Notice—Petit Larceny.*—The charter of the city of Danville confers on the mayor of the city all the power and authority of a justice of the peace within the city limits and for a mile beyond, and the courts will, without averment or proof, take judicial notice of the provisions of the charter and the jurisdiction it confers. It is unnecessary, therefore, in vouching a warrant and conviction of petit larceny by said mayor to make any other allegation of his jurisdiction of the offense.

4. CRIMINAL LAW—*Indictment for a Third Offense—Failure to Prove Former Convictions.*—An indictment for a third offense is not invalidated simply because the former convictions cannot be shown, or were illegal. The indictment is still good for the offense charged therein without reference to former convictions.

5. CRIMINAL LAW—*Petit Larceny—Third Offense—Verdict—Sufficiency.*
On an indictment for a third offense of petit larceny, a verdict
"We, the jury, find the prisoner guilty as charged in the within
indictment, and fix his punishment at one year·in the State peni-
tentiary" is good, and is a sufficient finding that the accused has
been twice before sentenced for a like offense within the United
States, as the punishment inflicted could not have otherwise been
lawfully imposed on him.   The finding of the former sentences,
though not expressed, is by necessary implication.

Error to a judgment of conviction of a third offense of petit
larceny, in the Corporation Court of the city of Lynchburg.

*Affirmed.*

The opinion states the case.

*James H. Guthrie,* for the plaintiff in error.

*Attorney-General Wm. A. Anderson,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

At the December term, 1905, of the Corporation Court of the
city of Lynchburg, the plaintiff in error, James Satterfield, was
indicted for petit larceny.   The indictment also alleged that
the accused had been "twice before sentenced in the United
States for the like offense"; and proceeded to set out *in
totidem verbis* two warrants against him with the judgment of
conviction and sentence of the mayor of the city of Danville,
Virginia, before whom he was tried, imposing a fine for the
Commonwealth and city, respectively, endorsed on each.
There was a demurrer to the indictment, which the court over-
ruled.   Thereupon the accused pleaded not guilty, and upon
the trial of that issue the jury returned a verdict of guilty and

fixed his punishment at one year in the State penitentiary. The court likewise overruled a motion to set aside the verdict as contrary to the law and the evidence, and rendered the judgment under review, sentencing the prisoner in accordance with the verdict of the jury.

The grounds of demurrer to the indictment may be considered in the order in which they are stated in the petition for the writ of error.

It is insisted, in the first place, that the accused having been indicted for petit larceny, the additional allegation that he had been twice before sentenced in the United States for the "like offense" is, standing alone, an insufficient averment in a prosecution under section 3907, Va. Code, 1904, and that the warrants described in the indictment are not warrants for petit larceny because they fail to charge the *felonious* taking of the property alleged to have been stolen.

The precise question involved in this assignment was passed on by this court in the recent case of *Jones* v. *Morris*, 97 Va. 43, 33 S. E. 377. At page 48, the court observes: "For like reasons we are of opinion that the objection to the form of the warrant cannot be maintained. 'A warrant,' says Bishop, Vol. 1, p. 187, 'need not set out the crime with the fullness of an indictment, but it should contain a reasonable indication thereof. Minor defects will not render it inadequate as a justification to the officer.' It is true that the warrant in this case charges that Morris unlawfully did take, steal and carry away money of the value of $40. It omits to charge that it was done feloniously, and we are not concerned to say that that word ought not properly to have appeared in it, or if objected to by Morris the warrant might not for that reason have been considered defective. The fact remains that no objection was taken; that the whole subject was investigated, and judgment of acquittal rendered.

That judgment, we repeat, is a complete bar for any further prosecution for the same offense."

Wharton, in his work on Criminal Pleading and Practice, section 260, states the doctrine as follows: "The word 'feloniously' was at common law essential to all indictments for felony, whether at common law or statutory, although the reason for the term being purely arbitrary, it is no longer necessary unless prescribed by statute, or unless describing a common law or statutory felony." See, also, 1 Bishop's Crim. Law, sec. 260.

The term "felonious" is not used in the Virginia statute defining petit larceny, and the charge in the warrant that the accused did unlawfully take, *steal* and carry away the property of another distinguishes the offense from a mere trespass, and stamps it as petit larceny.

The definition of Webster and other lexicographers of the verb "to steal" is "to take and carry away feloniously"; and the words "steal" and "larceny" are synonyms.

We are of opinion that the foregoing authorities are conclusive as to the sufficiency of the warrants in question, more especially when they are made the subject of collateral attack.

It is further insisted that the indictment is insufficient as an indictment for the third offense of petit larceny, because it alleges that the accused was fined for the second offense, the punishment for which, it is said, is not by fine, but by confinement in jail not less than thirty days nor more than twelve months. Va. Code, 1904, sec. 3907.

This objection is founded upon the erroneous hypothesis that the accused was only amenable to prosecution for the second offense of petit larceny under section 3907. But the procedure provided by that section is not intended to be exclusive; the redress afforded by it is cumulative merely, and leaves unimpaired the authority of the Commonwealth to prosecute and punish an

offender independently for successive offenses of petit larceny, and when it so elects to proceed, the punishment for the crime is unaffected by the fact that he may have before been sentenced in the United States for a like offense, and the punishment in such case is confinement in jail not less than fifteen days nor more than six months, or by fine of not less than five dollars nor more than one hundred dollars, or both. Va. Code, 1904, sec. 3707.

The third and last objection to the indictment is that it does not allege that the conviction of the accused was by a court of competent jurisdiction; that the mayor's court of the city of Danville being a court of special and limited jurisdiction, there is no presumption in favor of its jurisdiction, and the fact that it has jurisdiction must affirmatively appear.

We are of opinion that this assignment is also without merit.

By section 5 of Chapter V of the charter of the city of Danville, as amended by the act approved March 2, 1896 (Acts 1895-'06, p. 593), it is provided that "In criminal cases under the laws of the State, he (the mayor) shall exercise all the power and authority of a justice of the peace, not only within the corporate limits of said city, but for the space of one mile without and around the same." The courts will take judicial notice of such a city charter and the jurisdiction which it confers without averment or proof. *Duncan* v. *City of Lynchburg,* 2 Va. Dec. 700, 34 S. E. 964, 48 L. R. A. 331.

But if such were not the case, the rule applicable to this species of indictment is thus accurately and succinctly stated in 10 Ency. of Pl. & Pr., 490: "Where an indictment is drawn with a view to subjecting the defendant to additional punishment by reason of the fact that he had previously been convicted of the same offense, it will not invalidate the indictment itself if the former conviction cannot be shown, or if a former conviction, which was not legal, is shown, but the indictment will

still be good for the offense charged therein without reference to the former conviction."

The trial court, therefore, did not err in overruling the demurrer to the indictment.

The next assignment of error involves the sufficiency of the verdict to warrant the court in rendering judgment upon it, and *Thomas' Case,* 22 Gratt. 912, is confidently relied on to sustain this assignment.

The prosecution is under section 3907, Va. Code 1904, which provides that "Where a person is convicted of petit larceny, and it is alleged in the indictment on which he is convicted, and admitted, or, by the jury or justice before whom he is tried, found, that he has been before sentenced in the United States for the like offense, he shall be confined in jail not less than thirty days nor more than one year; and for a third, or any subsequent offense, he shall be confined in the penitentiary not less than one nor more than two years."

In *Thomas' Case, supra,* the prosecution was for petit larceny, under ch. 199, sec. 27, of the Code of 1860, which reads as follows: "When a free person is convicted of petit larceny, and it is alleged in the indictment on which he is convicted, and admitted, or by the jury found, that he has been before sentenced in the United States, for the like offense, he shall be sentenced to be confined in the penitentiary for one year." The indictment alleged that the accused had before been sentenced in the United States for the like offense. The jury returned a verdict: "We the jury find the prisoner guilty as charged in the within indictment"; and the court sentenced him to confinement in the penitentiary for one year. Upon writ of error, this court held that in order to justify the punishment inflicted, by express terms of the statute the fact that the accused had been before sentenced in the United Sates for the like offense must either

have been admitted or found by the jury. That neither requirement of the statute had been complied with, and the judgment of the court, for that reason, was erroneous. The verdict of the jury did not expressly find that the accused had been formerly sentenced for the like offense, nor could that fact be inferred from the language of the verdict of guilty "as charged in the within indictment," for that language was satisfied by finding him guilty of the principal charge of petit larceny merely.

But the question is now presented in quite a different aspect. This prosecution is for the third offense of petit larceny, the punishment for which is confinement in the penitentiary not less than one nor more than two years, and the verdict of the jury is: "We, the jury, find the prisoner guilty as charged in the within indictment, and fix his punishment at one year in the State penitentiary." While the jury, it is true, do not expressly find that the accused had been twice before sentenced for petit larceny, they by necessary implication find that fact by the infliction of a punishment which they could not otherwise have lawfully imposed upon him. This, in our opinion, distinguishes the case in judgment from *Thomas' Case,* and fulfills the demand of the statute in the particular referred to.

The remaining assignment of error relied on by the prisoner is to the action of the court in overruling his motion for a new trial, on the ground that the evidence was insufficient to sustain the verdict of the jury.

Of this assignment it is sufficient to say that under the rule of decision prescribed by section 3484 of Va. Code, 1904, the evidence justified the finding of the jury, and the motion was properly overruled.

*Affirmed.*