### 1594.   SNOW *v.* THE STATE.

1. One whom the evidence shows to have been an accessory to the com-
mission of a felony can not be legally convicted in a city court or·
county court, nor in a criminal court whose jurisdiction extends only
to the trial of misdemeanors, although the principal may have been
convicted of a misdemeanor. Where it appeared, from the evidence ad-
duced upon the trial of one charged with the offense of receiving stolen
goods, that if the goods were stolen, the principal thief was in fact
guilty of larceny after trust, the criminal court of Atlanta was without
jurisdiction to give any disposition to the case, other than to require
the appearance of the defendant to answer the charge before the su-
perior court.

2. Proof of the trial and conviction of the principal thief is prima facie
evidence of his guilt, but is not conclusive upon that point. It raises a
presumption which may be rebutted. One who is charged as an acces-
sory has the right, on his trial, to establish that the principal, although
convicted, was nevertheless innocent.

Certiorari, from Fulton superior court—Judge Pendleton. December 1, 1908.

Argued January 26,—Decided February 9, 1909.

*Frank L. Haralson,* for plaintiff in error. *C. D. Hill, solicitor-general, Lowry Arnold, solicitor, D. K. Johnston,* contra.

RUSSELL, J. We think that the judge of the superior court erred in overruling the certiorari. The defendant was tried in the criminal court of Atlanta upon an accusation charging him with the offense of misdemeanor, the offense set out by the accusation being that of receiving stolen goods. The evidence showed that the defendant bought a tub of lard and a barrel of sugar from one Babe Greer, which had been delivered to Greer as a drayman, to deliver to a man on Auburn avenue in the city of Atlanta, but that, instead of thus delivering it, Greer took it and sold it to the defendant. Greer was entrusted with the goods as drayman. If he was the sole thief, he was guilty of larceny after trust. The accusation alleged that one John Scott was the principal thief. The evidence showed John Scott to be the porter of the firm which owned the lard and sugar; that he was intrusted by them with these articles, to load them upon the dray, for the purchaser on Auburn avenue, and did so, in the presence of Mr. Stovall, one of the members of the firm. If by his direction the goods were wrongfully and unlawfully delivered by his co-principal, Babe Greer, to Snow, the defendant in the present case, and Scott thus indirectly delivered the goods to Snow, Scott was guilty of larceny after trust. In any view of the evidence adduced on the trial of Snow, and whether Scott, the porter, or Greer, the driver of the dray, is principal thief (both of them being employees of the mercantile firm from whom the goods were stolen, and entrusted with their delivery to a customer), the offense was larceny after trust, and Snow, if guilty at all, is guilty of a felony. The Penal Code, §171, declares, "If any person shall buy or receive any goods, chattels, money, or other effects, that shall have been stolen or feloniously taken from another, knowing the same to be stolen or feloniously taken, such person shall be an accessory after the fact, and shall receive the same punishment as would be inflicted on the person convicted of having stolen or feloniously taken the property." The evidence for the State clearly showing that the defendant, if guilty at all, was guilty of a felony, the criminal court of Atlanta

was without jurisdiction to try the case, and the conviction is a nullity.

The judge of the criminal court was evidently under the impression that inasmuch as John Scott, who was alleged to be the principal thief, had been tried in the criminal court and found guilty of a misdemeanor, the accessory could only be found guilty of a misdemeanor, and therefore proceeded with the trial. The Supreme Court, however, has ruled expressly to the contrary. In *Morris* v. *State,* 84 *Ga.* 7 (10 S. E. 368), it appeared that Mattox and Williams had pleaded guilty to an indictment for larceny, which charged the theft of 450 pounds of lint-cotton of the value of $35, and were sentenced for a misdemeanor. Morris was tried and convicted in the city court of Clarke county for receiving stolen goods, knowing them to have been stolen, in that he received the same lint-cotton which Mattox and Williams had been convicted of stealing. Upon the trial of the case it was shown by the evidence that the lint-cotton said to have been stolen was baled and packed, constituting one bale of cotton. Whereupon the Supreme Court ruled, that "Where two persons pleaded guilty to an indictment for simple larceny of 450 pounds of lint-cotton of the value of $35, and another was indicted and tried for receiving the same cotton knowing it to be stolen, and it was shown by the evidence to have been packed into one bale, the offense of which the principal thieves had been convicted was a misdemeanor, but the offense shown by the evidence was a felony, of which the city court of Clarke county had no jurisdiction." The issue upon the trial of one charged with receiving stolen goods is not dependent upon what may have been the disposition of the case against the principal thief. We think the learned judge of the criminal court of Atlanta attached an importance not warranted by our law to the finding which had been returned against the principal thief. Not only did the fact that John Scott had been convicted of simple larceny for the theft of goods of the value of $20 become unimportant when the evidence in the case actually being tried showed that John Scott, if guilty of anything, was guilty of larceny after trust, and that, therefore, the criminal court of Atlanta was without jurisdiction either to try his case or to pass upon that of the defendant then before it, but the defendant charged as an accessory had the right, which was re-

fused him by the trial court, to prove, if he could, that John Scott, although convicted, was not guilty, and thereby demonstrate his own innocence of the charge as laid in the accusation. The judge of the criminal court seemed to have placed his refusal to allow proof upon the point of Scott's innocence upon the theory that it could not be proved by Scott himself. The court correctly held that Scott could not answer the question whether he was guilty or not. This question naturally called for the conclusion of the witness, necessarily drawn from facts upon which the jury should have passed their judgment after the facts had been submitted to them. But this was not the only manner in which it was sought to raise the inquiry as to Scott's innocence; and the trial judge certified, in his answer to the writ of certiorari, that he declined to allow Scott's innocence to be proved by him. The verdict of guilty returned against the principal thief, when properly proved by the record, is, upon the trial of an accessory, prima facie evidence of the principal's guilt, but it is not conclusive evidence that the principal is guilty. Even if the principal had pleaded guilty upon his trial, that would not be conclusive as to the accessory. Upon the trial of the accessory, the defendant has the right to rebut, if he can, the prima facie evidence of the guilt of his alleged principal, and to remove by proof the presumption of his guilt. And the principal's plea of guilty would not estop the principal from testifying as a witness in other investigations, whereby another and not himself might be benefited, to any and all facts which would show that he was wrongfully convicted, and was in fact not a principal in the crime as charged. His conviction of the larceny might affect his credit, but it does not diminish his competency as a witness.

*Judgment reversed.*