No. 10,359.

THE PEOPLE *v.* CASIAS.

Decided June 4, 1923.

Error by the people to review a judgment in a criminal case.

*Decision of Lower Court Disapproved.*

1.  CRIMINAL LAW—*Attorney General—District Attorneys.* In addition to the duties of the attorney general defined by statute, he is clothed with all the powers and privileges belonging to his office at common law, and in criminal matters the mantle of

the attorney general rests upon the several district attorneys of the state.

2.    *District Attorneys—Discretion.* The district attorney in pro-
ceeding against one for a criminal offense consisting of different
grades or degrees may at his discretion select either grade or
degree of the offense. A defendant has no power to elect the
degree of crime for which he shall be prosecuted.

3.    *Appeal and Error.* A ruling against a defendant that is favor-
able to him is not ground for reversal, or of which he may take
advantage.

4.    *Intoxicating Liquors—Prosecution for First or Second
Offense.* Under the prohibition act, the district attorney may
at his option elect to file an information against a defendant
guilty of successive offenses, either for a successive offense or
as for a first offense, and in the present case it was error, he
having elected the latter course, for the county court to dismiss
the action and discharge the defendant on the ground that it
appearing from the evidence that the violation was a second
offense, and a felony, the court was without jurisdiction.

*Error to the County Court of Las Animas County, Hon.
David M. Ralston, Judge.*

Mr. JOSEPH W. HAWLEY, District Attorney, Mr. VICTOR
E. KEYES, Attorney General, Mr. CHARLES ROACH, Deputy,
for the people.

No appearance for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

AN information against the defendant, Ben Casias, and
two others, was filed by the District Attorney in the
county court of Las Animas county, charging them with
unlawfully having in their possession intoxicating liquor,
contrary to the provisions of section 3722, chapter 57,
C. L. 1921, (section 22, chapter 98, S. L. 1915). It pro-
vides that any person who "shall violate any of the pro-
visions of this act, * * * shall for the first offense be
deemed guilty of a misdemeanor, and upon conviction

thereof shall be punished by a fine  *  *  *  or by imprisonment in the county jail  *  *  *  or both such fine and imprisonment, in the discretion of the justice or court. Every second and subsequent offense, committed within five years of the first,  *  *  *  shall be deemed a felony, and upon conviction thereof, he shall be imprisoned in the state penitentiary, at hard labor, not less than one year and not more than three years."

This information, containing no allegation as to a second, was admittedly for a first, offense. By the statute it was a misdemeanor. Upon the trial before a jury, there was a verdict of guilty. Upon a motion for new trial, the court set aside the verdict and dismissed the action as to the defendant and released him from the information, because it was developed at the trial that defendant had been theretofore convicted of a first offense committed less than five years before the second. The District Attorney and the Attorney General, acting under our permissive statute, have brought this judgment up for review to have settled and determined questions of substantive law and practice.

It is the contention of the people here that where a person has been guilty of two or more violations of this act and has been convicted of the first offense, it is the right of the district attorney, at his option, to proceed against the offender for the second or subsequent violation, as a felony, or, waiving the felony, proceed as for a first offense, a misdemeanor. The defendant, having been discharged, is not represented here. His contention at the trial, however, is manifest from the opinion of the county court on sustaining his motion for discharge. That court said, as the section above quoted specifically declares the first offense to be a misdemeanor, and every second and subsequent offense committed within five years of the first, to be a felony, and as the evidence showed conclusively that the defendant, if guilty at all, was guilty of a second offense, the court was bound to take notice of that fact; and because the county court is without jurisdiction

to try felony cases, the verdict of the jury was a nullity. The court having rejected the people's contention, and deeming the county court to be without jurisdiction to impose sentence, thereupon dismissed the action and discharged the defendant.

We are of the opinion that the judgment of the county court is wrong. It had jurisdiction not only to try the accused, but, when the verdict of guilty of the misdemeanor charged in the information was returned, to impose sentence accordingly. At the common law the Attorney General was the chief legal representative of the Crown. Our Federal and State governments have adopted the English judicial, as a part of their governmental, system. It is generally held by our courts that this office is clothed, in addition to the duties expressly defined by statute, with all the powers and privileges which belong to it under the common law of England. 6 C. J. p. 804, *et seq.* In *People, ex rel. v. District Court,* 23 Colo. 466, 48 Pac. 500, it was held that the district attorney may, without the consent of the court, enter a *nolle prosequi.* Such has been the general practice in this State from the time of its organization, until recently modified by statute to require the approval of the court. Section 7078 C. L. 1921. In this case we said: "* * * the mantle of the attorney general in this respect rests upon the several district attorneys of this state, acting in their respective districts." It was further said there that our statute provides that prosecution of criminal offenses shall be conducted according to the course of the common law, except when the criminal code points out a different mode. As our statute had made no change with reference to the discontinuance of a criminal case by the district attorney, it was held that the common law prevailed.

It was further held, by necessary inference, and such has been the practice in this State, that the district attorney, in proceeding against one for a criminal offense consisting of different grades or degrees, may at his discretion select either grade or degree of the offense. This

is a logical corollary to the express ruling in *Murphy v. People,* 9 Colo. 435, 13 Pac. 528, that: "It is a familiar rule that, where a minor offense is included in a greater, the defendant may be acquitted of the latter and convicted of the former." See also *Moore v. People,* 26 Colo. 213, 57 Pac. 857. The general doctrine is that a ruling against a defendant that is favorable to him, is not ground of reversal, or of which he may take advantage. 12 Cyc. 911. If the district attorney has such power to discontinue, and if the practice of election has been generally followed, as stated, we perceive no reason why the district attorney may not, although the question is not precisely the same, at his option, elect, under the intoxicating liquor act, to file an information or cause an indictment to be returned against a defendant guilty of successive offenses either for a successive offense, or as for a first offense. If a district attorney has the power, at his option, during a trial of a defendant charged with a greater or higher degree of a criminal offense, to ask the jury for a conviction of a lower degree, it would seem that he might himself make a similar election, in advance of the trial and before the filing of an information, as to what degree the accused should be tried for. This Court in the Murphy case, in addition to the language above quoted, also said: "It is no defense to an indictment for manslaughter that the homicide alleged appears to have been committed with malice aforethought, and was therefore murder; but the defendant may in such case be properly convicted of the offense of manslaughter." While that decision is not directly in point, by analogy it would seem to authorize the district attorney to make an election, which he did here, to proceed against the defendant as for a first offense, a misdemeanor, although the defendant was guilty of a second offense of the liquor act, a felony. The defendant certainly could not be injured by the method adopted. The penalty for the first offense is less than it would be if the prosecutor had elected to proceed as for a second offense. The statement by the defendant that he had

previously been convicted of the violation of the same statute, was not responsive to any issue in the case and should have been disregarded. The defendant has not power to elect for the prosecutor which grade or degree of crime he 'shall institute and prosecute. That is the power of the district attorney. Merely because it may be subject to abuse is no reason why it may not be vested in a judicial officer, upon whom has fallen the mantle of the attorney general at the common law. The general assembly has not seen fit to effect a change in this respect, and the courts should not usurp its function by divesting the state's legal representative of this inherent power of his office. The fact that the general assembly has declared that successive offenses under the intoxicating liquor act shall be deemed felonies, does not inhibit a district attorney from charging in an information or indictment, as a first offense, a violation of the act which, as a matter of fact, is not the first, but is a second or subsequent, offense. And this is so because the district attorney, having the power to waive the greater, and proceed against the defendant for the lesser, offense, has virtually done so by omitting from his pleading the aggravating circumstances or fact that the offense for which a conviction is sought is a second or subsequent offense of the character defined by the statute. The People have not found a case precisely in point, but we think, upon principle, the conclusion which we have reached is sound. It finds support in *State v. Doyle,* 64 W. Va. 366, 62 S. E. 453, and in *Satterfield's Case,* 105 Va. 867, 52 S. E. 979. *Snow v. State,* 5 Ga. App. 608, 63 S. E. 651, upon which the county court relied in dismissing the action, we think is not in point, as a reading of the opinion discloses. 1 Bishop's New Criminal Law, section 815-a, in effect, is in accord with our holding.

Our general assembly deemed it sound public policy to prescribe a severer penalty for successive violations of this act. It may be that district attorneys should not have the power to ignore a successive and proceed as here

for a first offense. That, however, is a matter for the determination of the general assembly and not for this Court. If the law-making body sees fit, it may, of course, withdraw, but it has not yet purported to take away, such common law power of district attorneys. We have neither the power, nor the inclination, judicially to legislate in this direction. It follows that the decision of the county court was wrong and the same is disapproved.