The State v. Howorth.

THE STATE v. HOWORTH. (Two cases.)

70 157
81 595
70 157
87 726

1. **Intoxicating Liquors: NUISANCE: INDICTMENT: DUPLICITY.** An indictment for nuisance, charging in one count the keeping by defendant of a building in which he kept intoxicating liquors with the intent to sell the same contrary to law, and charging in another count the unlawful sale of such liquors by defendant in a building kept and controlled by him, *held* not bad for duplicity, since it only charged one offense, but in different forms, as allowed by § 4300 of the Code.

2. ———: ———: ———: **FIRST OFFENSE.** While only the second and subsequent offenses for the sale of intoxicating liquors, as defined by § 1542 of the Code, are indictable, the same rule does not apply to

§ 1543, which provides punishment for keeping nuisances for the sale of such liquors; and in an indictment for such nuisance it is not necessary to allege that it is the second offense, in order to give the district court jurisdiction.

3. **Criminal Law**: FORFEITURE OF BAIL ON SENTENCE FOR MISDE- MEANOR. Although judgment for a misdemeanor may be pronounced in the absence of the defendant, (Code, § 4497,) yet where the judgment is of a fine, and of imprisonment in default of the payment of the fine, and the defendant is not present to submit to arrest in case of such default, the court may then and there rightfully declare a forfeiture of his recognizance for his appearance.

*Appeals from Harrison District Court.*

THURSDAY, DECEMBER 2.

INDICTMENTS for nuisance in selling intoxicating liquors. Judgment against defendants, who appeal.

These cases are presented upon records alike in every particular. The defendants were each severally indicted for maintaining a nuisance by keeping a place for the sale of, and for selling therein, unlawfully, intoxicating liquors. Each pleaded guilty, and was sentenced to pay a fine of $300, and to be imprisoned until the fine was paid, the imprisonment not to exceed ninety days in duration. They now appeal to this court.

*John H. Keatley* and *Charles Mackenzie*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

BECK, J.—I. The indictments charge the defendants with keeping nuisances, and are each in two counts,—the first 1. INTOXICAT- ING liquors: nuisance: in- dictment: duplicity. alleging that defendants did each keep and con- trol a building wherein they did keep intoxicat- ing liquors, with the intent to sell the same con- trary to law; the second count charges the unlawful sale of intoxicating liquors in a building kept and controlled by the defendants.

II. Counsel for defendants first insist that each indictment charges two offenses, and that the judgment thereon is there-

fore erroneous, for the reason that it does not show for which offense the defendant was convicted. The position is incorrect. Each indictment is for but one offense, but, as authorized by Code, § 4300, it is charged in different forms,—one count alleging that the offense was committed by keeping the liquor for sale, and the other charging the sale thereof.

III. It is urged that the court had no jurisdiction, for the reason that it was not alleged that the act charged was the second offense. This position is based upon the claim that the offense is punishable under Code, § 1542, which provides that a second and subsequent offenses only are indictable. This section provides punishment for the unlawful sale of intoxicating liquors. But section 1543 provides punishment for keeping nuisances for the sale of intoxicating liquors, which is a different crime, and the first as well as subsequent offenses are indictable. These conclusions are supported by the plain language of the sections just cited.

2. ——: ——: first offense.

IV. After conviction of the defendants, the court set a day for sentence. The defendants did not appear in person, but were represented by counsel. After each defendant was called, the court declared a forfeiture of his recognizance for his appearance. The statute provides that judgment may be pronounced for a misdemeanor in the absence of the defendant. Code, § 4497. Counsel insist that the court erred in declaring a forfeiture of the recognizance of each defendant, doubtless basing their position upon this statute.

3. CRIMINAL law: forfeiture of bail on sentence for misdemeanor.

But it does not appear that the forfeitures were declared for the reason that the defendants were not present to receive sentence. The forfeitures were declared after the sentence was rendered, which declares that defendants should be each committed to jail until his fine should be paid. The court doubtless declared the forfeitures, not for the reason that the defendants were not present to receive sentence, but were not present to submit to arrest and imprisonment, in default of

the payment of the fine. We will presume that the default was declared on this ground. It is plain that it was the court's duty so to do. If the defendant may absent himself from the court when sentence is rendered, without a forfeiture of his recognizance, he would have it in his power to escape, and relieve his bail of liability. If a default cannot be taken, no action could be maintained on the recognizance. We know of no practice to authorize it to be taken at a time subsequent to sentence, when it requires the defendant to appear. But, however this may be, the court surely may declare the default at the time of sentence, when it appears that defendant is not present to submit to the judgment, as he obligated himself by his recognizance, and it may be that under section 4497 the court could have ordered his appearance at another time, and, upon his failure to obey, the order could have declared the default at such time. But we feel satisfied that the court, in the exercise of its discretion, could rightly declare that default for non-appearance when sentence was rendered.

The judgment of the district court in each case is affirmed, and a judgment in each will be entered in this court upon the appeal bond thereon filed and certified here.

AFFIRMED.