STATE OF IOWA, Appellee, v. JOE BANOCH, Appellant.

LARCENY: Consent of Owner as Element. A charge that in larceny
1    the taking must be with intent to steal, implies that the taking
     must be *without the consent of the owner,* especially when the "consent of the owner" was not a contested issue.

**CRIMINAL LAW:** Alibi—Disparagement. Instructions relative to
2 alibi reviewed, and held to fairly present the subject, both for the
State and for the defendant.

**CRIMINAL LAW:** Evidence—Incriminating Another. Evidence
3 which is intended to show that some person other than the person
on trial is the guilty party, must deal with substantive facts—not
matters of mere conjecture.

*Appeal from Clarke District Court.*—HOMER A. FULLER, Judge.

FEBRUARY 7, 1922.

REHEARING DENIED MAY 8, 1922.

TRIAL on indictment for the crime of larceny from a build-
ing in the nighttime. Verdict of guilty and defendant was sen-
tenced to the State Reformatory for an indeterminate term, not
to exceed five years. Defendant appeals.—*Affirmed.*

*A. M. Miller* and *O. M. Slaymaker*, for appellant.

*Ben J. Gibson*, Attorney General, *John Fletcher*, Assistant
Attorney General, and *J. B. Dyer*, County Attorney, for
appellee.

DE GRAFF, J.—Defendant was indicted May 31, 1921 by
the grand jury of Clarke County, Iowa for the crime of larceny
from a building in the nighttime committed on the 26th day
of May, 1921. Upon a plea of not guilty trial to a jury was
had resulting in a verdict of guilty.

Three errors are assigned and argued by appellant: (1)
That the court failed to instruct the jury on the essential ele-
ments of the crime of larceny. (2) That the court erred in
instructing the jury with reference to the defense of alibi. (3)
That the court erred in refusing to permit the defendant to
introduce evidence to show the commission of the crime by
another person.

1. It is specifically claimed by appellant that the court in
the definition of larceny given to the jury failed to include
one of the essential elements; to wit, that the property alleged

to have been stolen was without the consent of the owner. An examination of the instructions printed in the record disclose that the court gave to the jury the statutory definition of larceny as found in Section 4832 of the Code. In addition thereto the court recited the following elements which the State was required to establish beyond a reasonable doubt to warrant the conviction of the defendant:

*1. Larceny: consent of owner as element.*

"1. That the defendant took and carried away the property alleged. 2. That the said property was the property of F. M. Jamison. 3. That said property was chattels within the meaning of the law. 4. That such chattels were of value, and what was such value. 5. That such taking by the defendant was with the intent to steal and appropriate such chattels to his own use."

Ordinarily it is sufficient for the court to define the crime in the language of the statute. There are no common-law crimes in this state. If an act recognized by the common law as a crime is made punishable by our statute, but it is not expressly defined therein, we must look to the common law for the definition of that crime. *State v. Twogood,* 7 Iowa 252; *Estes v. Carter,* 10 Iowa 400; 16 Corpus Juris 67.

To steal is to feloniously take and carry away the goods and chattels of another with intent to keep wrongfully. It is the act of larceny. *Barnes v. State,* 40 Neb. 545 (59 N. W. 125); *State v. Tough,* 12 N. D. 425 (96 N. W. 1025); *Satterfield v. Commonwealth,* 105 Va. 867 (52 S. E. 979). It is unquestioned law that a taking by the voluntary consent of the owner or through his authorized agent does not constitute larceny. Under the common law the offense of larceny is the wrongful taking and carrying away by a person of the personal property of another from any place with a felonious intent to convert it to the taker's own use without the consent of the owner.

"Larceny is the 'felonious taking and carrying away of the personal goods of another.' * * * This implies the consent of the owner to be wanting." IV Blackstone's Commentaries *230. There can be no quarrel as to definition. The question is did the court sufficiently instruct as to the essentials of the crime?

Necessarily to take without right or leave is against the consent of the owner. It was essential for the jury to find beyond a reasonable doubt that the property in the instant case was the property of F. M. Jamison and that the taking by the defendant was with the intent to steal and appropriate such chattels to his own use. The court so instructed. There is no claim in the record that the defendant or any other person had the consent of the owner, and the circumstances of this case clearly and to a moral certainty negative the proposition that the goods and chattels were taken with the consent of the owner. This is sufficient. *State v. Prentice* 192 Iowa 192.

This is a case of larceny ''in the ancient, usual and simple sense of stealing, taking and carrying away,'' and refinement of definition and nicety of legal statement is not necessary to convey to the jury the essential elements of the crime. *State v. Carter*, 144 Iowa 280.

There is nothing technical or complicated in the definition of larceny. Defendant did not request more specific instructions. It may not be said that any essential element of the crime charged viewed either under common law or statutory definition was omitted and clearly no prejudice resulted by reason of the instructions given.

2. It is next contended that the court in an instruction disparaged the defense of alibi relied on by the defendant. A reading of the instruction given creates the contrary impression, inasmuch as the court told the jury that the defense of alibi is as proper and legitimate as any other defense, and is not to be disparaged or viewed with suspicion. Again after stating that an alibi, if proved, constitutes a complete defense and entitles the defendant to an acquittal, the jury was told that the defense is recognized in law as one easily manufactured, and that it is the duty of the jury to examine the evidence with care and caution on this, as on every other phase of the case, and to give this defense such weight and credit under all the evidence as it would seem entitled to receive. It is against this language that complaint is lodged.

2. CRIMINAL LAW: alibi: disparagement.

We have no occasion under the facts of this case to con-

demn this instruction. It correctly states the legal proposition involved. See *State v. Blunt*, 59 Iowa 468; *State v. Cartwright*, 188 Iowa 579.

3. It is further claimed that the court deprived the defendant of his right to prove that the crime charged was in fact committed by another person. A sufficient answer to this contention is that the evidence introduced and offered does not even tend to establish that another person committed the crime.

3. CRIMINAL LAW: evidence: incriminating another.

It appears that some person unknown to the proprietor of the store from which the goods were stolen was in the store on the day that the larceny was committed. Who the stranger was or where he went are unknown facts. The evidence which the defendant offered tended to show that the ticket agent at Osceola sold a train ticket to someone leaving on No. 5, and that the ticket purchaser was not the defendant. It is clearly immaterial and incompetent to prove that some unknown person or persons purchased tickets about the time in question. When proof is offered tending to incriminate another in a crime charged against the defendant it must be confined to substitutive and substantive facts and the evidence offered must be limited to such facts as are inconsistent with defendant's guilt. It must do something more than to create a mere suspicion that another committed the act or as said in one case "to raise a conjectural inference." *Horn v. State*, 12 Wyo. 80 (73 Pac. 705); *State v. Moon*, 20 Idaho 202 (117 Pac. 757); *Irvin v. State*, 11 Okla. Cr. Rep. 301 (146 Pac. 453).

It is not proper for a trial court to open a door for the admission of evidence that has no direct or logical bearing on the real issue involved—the guilt or innocence of the defendant on trial. *State v. Gulliver*, 163 Iowa 123.

We find no error in the record of this case and therefore the judgment entered by the trial court is—*Affirmed*.

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.