STATE OF IOWA, Appellee, v. MATTHEW BOEVER, Appellant.

INTOXICATING LIQUORS: Offenses—Possession. The unlawful pos-
1   session of intoxicating liquors is a misdemeanor.

INTOXICATING LIQUORS: . Indictment—Unlawful Possession—Evi-
2   dence. Evidence held ample to establish unlawful possession of
intoxicating liquors.

INTOXICATING LIQUORS: Evidence—Seized Liquors. An adjudica-
3   tion that liquors seized on a search warrant are intoxicating and have
been forfeited is not a condition precedent to the introduction of such
liquors against the accused.

CRIMINAL LAW: Former Jeopardy—Different Offenses in Same Act.
4   An acquittal on an indictment which charges the maintenance of an
intoxicating liquor *nuisance* does not constitute a bar to an indictment
which charges the unlawful *possession* of such liquors, even though the
same liquors may appear as evidence in both cases.

Headnote 1:   33 C. J. pp. 584, 618.   Headnote 2:   33 C. J. p. 761.
Headnote 3:   33 C. J. p. 760.   Headnote 4:   16 C. J. pp. 273, 278.

Headnote 4:   8 R. C. L. 148.

*Appeal from Plymouth District Court.*—B. F. BUTLER, Judge.

OCTOBER 26, 1926.

REHEARING DENIED FEBRUARY 15, 1927.

Defendant was indicted, tried, and convicted for the crime of unlawfully having intoxicating liquor in his possession, contrary to the provisions of Chapter 94, Title VI, of the Code of 1924, and acts amendatory thereto. From a judgment impos-

ing a sentence of three months in the county jail and a fine of $300 and costs the defendant appeals.—*Affirmed.*

*Kass, Zink & Kass*, for appellant.

*Ben J. Gibson*, Attorney-general, *Herbert A. Huff*, Assistant Attorney-general, and *George W. Sturges*, County Attorney, for appellee.

DE GRAFF, C. J.—The instant indictment is based on Section 1924, Code of 1924, as amended by Chapters 44 and 45, Acts of the Forty-first General Assembly of Iowa. It is therein

1. INTOXICATING LIQUORS: offenses: possession.

provided, *inter alia*, that no one, by himself, agent, or servant, shall, for himself or any person else, keep for sale or have possession of any intoxicating liquor, except as provided in Title VI of the Code of Iowa. It is further provided that whoever is found guilty of violating any of the prohibited acts as defined in Section 1924 shall be punished as a bootlegger (Section 1926, Code of 1924), and the penalty is prescribed by Section 1927, Code of 1924, as amended by Chapter 46, Acts of the Forty-first General Assembly. It is obvious, therefore, that the act charged in the indictment is a misdemeanor defined and punished by the criminal code of Iowa. The statute is the *ipse dixit* in this particular, and the court is not concerned with the wisdom or policy of the legislative enactment.

There is no reason for the application of any rule of construction. The prohibition of the law is plain that no one shall keep for sale or have possession of any intoxicating liquor except as provided by law. The defendant, as the possessor of liquor, was entitled to show, in defense, that the liquor found in his possession was legally in his possession. In brief, the statute prescribes certain defensive matter (Section 2, Chapter 42, Acts of the Forty-first General Assembly) which, if established by the defendant, constitutes a defense to the accusation. No obligation rests upon the State to allege and prove the provisos, or to negative the exceptions in the instant indictment. See *State v. Kendig*, 133 Iowa 164.

The defendant entered two pleas: (1) Not guilty; (2) former acquittal. Upon the conclusion of all the testimony, the

defendant filed a motion for a directed verdict of "not guilty," on the following grounds: (1) The insufficiency of the evidence to justify a verdict of guilty; (2) that the same facts, transactions, evidence, and crime charged in the instant indictment were included in an indictment against this defendant in a former case, accusing him of the maintenance of a liquor nuisance, and upon trial thereof a verdict of not guilty was returned by the jury; (3) that the same facts, acts, evidence, transactions, and charge in the instant indictment were necessarily included in and a part of the charge, crime, evidence, and transactions in the former indictment on which the defendant had been acquitted. These matters were further recited by the defendant in his motion for arrest of judgment and for a new trial. It is to these propositions that we now give consideration.

The evidence is amply sufficient to sustain the verdict. It is undisputed that, at the time the premises of the defendant were searched, under a lawful search warrant, a gallon jug of

2. INTOXICATING LIQUORS: indictment: unlawful possession: evidence.

"hootch" was found in a gunny sack in the pantry, and a 15-gallon keg of "hootch" was found planted in the ground under a shed, 8 or 10 rods from the house. This liquor, when analyzed, disclosed 49.8 per cent alcohol by volume. It is also shown that the defendant resisted the search, and, as the officers attempted to go into the pantry, the defendant called to a man in the house, "Dump it, Ed." In passing, it may be said that the defendant offered no evidence in explanation of his possession of the liquor in question.

It is contended by the appellant that the seized liquor was not competent evidence and admissible against him, for the reason that said liquor had not been adjudicated to be intoxi-

3. INTOXICATING LIQUORS: evidence: seized liquors.

cating liquor and declared forfeited by the court issuing the search warrant. This claim is untenable. It is true that, under the provisions of Chapter 42, Acts of the Forty-first General Assembly, the finding of intoxicating liquor in the possession of or under the control of any person, under and by authority of a search warrant, "and which shall have been finally adjudicated and declared forfeited by the court, shall be prima-facie evidence, in any action, criminal or civil," under the provisions of Title VI of the Code of Iowa, 1924. This statute provides a rule of

evidence relating to the effect of the possession of liquor that has been seized and adjudicated as intoxicating, but it does not contemplate that the facts and circumstances with reference to the execution of a search warrant, in the absence of an adjudication and forfeiture, shall not be admissible in a criminal prosecution. In other words, an adjudication and forfeiture is not a condition precedent to the introduction of testimony in a criminal case involving the violation of the prohibitory liquor law.

One further claim of appellant's merits attention. Does the acquittal of the defendant on an indictment for maintaining a liquor nuisance, as defined by Section 1930, Code of 1924, as amended by Chapter 46, Acts of the Forty-first General Assembly, constitute jeopardy in relation to the indictment in the instant case, when it is shown that substantially the same facts are involved in both prosecutions?

4. CRIMINAL LAW: former jeopardy: different offenses in same act.

The Constitution of Iowa provides:

"No person shall after acquittal be tried for the same offense." Article 1, Section 12.

The Code of Iowa provides:

"A conviction or acquittal by a judgment upon a verdict shall bar another prosecution for the same offense, notwithstanding a defect in form or substance in the indictment on which the conviction or acquittal took place." Section 13807, Code of 1924.

It may be observed that the State is privileged to charge, in a liquor nuisance indictment, any one or more or all of the acts prohibited by Section 1924, Code of 1924, and the different acts so prohibited may be charged in separate counts. However, the offense is complete by the doing of either of the prohibited acts, and consequently "an indictment charging the offense [liquor nuisance] to have been committed at a particular time and place by keeping intoxicating liquors with intent to sell the same contrary to law, would be the same accusation as an indictment charging the offense to have been committed at the same time and place by selling intoxicating liquors contrary to law." *State v. Layton*, 25 Iowa 193. See, also, *State v. Howorth*, 70 Iowa 157.

Different allegations of the prohibited acts in the same indictment are made simply to state the manner of the commis-

sion of the offense in different forms. *State v. Abel*, 198 Iowa 68. This principle of law is not controlling in the case at bar, for the reason that the present indictment charges the defendant with a crime other and distinct from the offense charged in the previous indictment. Nor are we dealing with an included offense, or degrees of the same offense. The essential ingredients of the two crimes, to wit, liquor nuisance, and the unlawful possession of intoxicating liquor, are not the same, although some of the same evidence (the identical liquor) may be offered to sustain the indictment in each case. The same-evidence test is not infallible. *State v. Broderick*, 191 Iowa 717. Furthermore, the same act may violate more than one criminal statute.

In *State v. Graham*, 73 Iowa 553, a plea of jeopardy based on the averment that the charge of keeping intoxicating liquors was the identical keeping charged in an indictment for a liquor nuisance was held not sustainable. See, also, *State v. Johns*, 140 Iowa 125. These cases are decisive of the point in issue.

The judgment entered on the verdict is—*Affirmed*.

STEVENS, FAVILLE, and VERMILION, JJ., concur.