STATE, Respondent, v. BEETS, Appellant.

(233 N. W. 917.)

(File No. 6901.   Opinion filed December 30, 1930.)

*Van Slyke & Agor,* of Aberdeen, for Appellant.

*M. Q. Sharpe,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for the State.

BURCH, J. Defendant was convicted of forgery in the third degree, and appeals from the judgment and an order denying a new trial.

He was charged with transferring to the Swanson Service Station a forged check, knowing it to be forged. The check purported to be a check of the North American Creamery Company signed by R. C. Williams in payment for cream, payable to Frank Smith in the sum of $27.08, drawn on the First National Bank of Paynesville, Minn. The forgery of the check was proven by the testimony of an officer of the creamery company, and the fact that it was forged is not in dispute. Mrs. Swanson testified that she was employed in her husband's service station; that on August 4, 1927, appellant came to the station, purchased a quantity of gasoline, and offered to pay for it with the check; that after some conversation the check was accepted, appellant indorsed it by writing the name R. C. Smith on the back, and received, in addition to the gasoline purchased, a balance in cash. Mrs. Swanson knew appellant slightly, he having made a few earlier purchases at the Swanson Service Station. But she does not seem to have known his name. She knew him only as a young man claiming to live at Ipswich, and to be engaged in the creamery business. The only evidence directly identifying the appellant as the person who passed the check is the testimony of Mrs. Swanson and the handwriting of the indorsement, which Mrs. Swanson says was written in her presence. Appellant denied the entire transaction, claimed he did not pass the check, did not indorse it, and that the indorsement was not in his handwriting. To corroborate his testimony he offered in evidence, but the court excluded, specimens of his handwriting and signature. The exclusion of this evidence is assigned as error. He also attempted and offered to prove, but was not permitted to do so, that the forged check and the indorsement

thereon was in the handwriting of M. J. Babbitt, and that Babbitt at other times and places had passed similar forged checks. The denial of this proof is also assigned as error.

The proof of appellant's guilt depends upon the truth of Mrs. Swanson's statement that appellant transferred the check, and indorsed it in her presence. If that statement was not true, there was no sufficient evidence of appellant's guilt. He is charged with the transfer of a forged check, knowing it to be forged. If he forged it, proof of that fact would prove he knew it was forged. There is some proof, which is not denied, that the handwriting of the indorsement and the face of the check are the same. Except for the similarity of the writing on the face of the check, and that of the indorsement, there is little proof of appellant's knowledge that the check was forged. If appellant could show that he did not write or indorse the check, that would contradict Mrs. Swanson's testimony. His denial, though true, might not be sufficient to overcome the positive testimony of Mrs. Swanson. A comparison of his hand writing with that of the indorsement might have great weight on this issue, and, if exhibits offered for that purpose were competent, it was error to exclude them.

It can readily be seen that, if permitted, such practice introduces a new and collateral issue in the case, namely, the genuineness of such exhibits. But the propriety of such practice is not an open question in this state. This state has never adhered to the early strict common-law rule excluding such evidence. It is well established in this state that a writing, admitted or proven to be in the handwriting of a party, may be introduced in evidence as a standard for comparison with a disputed writing with which such party is sought to be charged. Mississippi Lumber & Coal Co. v. Kelly, 19 S. D. 577, 104 N. W. 265, 9 Ann. Cas. 449; Greenwald v. Ford, 21 S. D. 28, 109 N. W. 516; State v. Coleman, 17 S. D. 594, 98 N. W. 175.

On appeal the state does not question the rule; but, to sustain the trial court, urges the insufficiency of the foundation laid for admission of the exhibits. True the state did not admit at the trial their genuineness. Neither did it deny they were genuine nor object to the foundation laid. The objection was that such evidence was immaterial. However, the court may be sustained, if right, though the reason assigned may be wrong, and

we therefore consider the foundation laid for admission of the exhibits.

■ Two exhibits were signature cards filed with banks in which appellant made deposits, for use by the banks in identifying his signature on checks to be drawn. One, Exhibit 8, had been filed with the Brown County Banking Company long prior to the commission of the offense charged, and the other, Exhibit 7, was filed with the First National Bank prior to appellant's arrest. Both were filed in the course of business, and there is nothing to indicate that either was fabricated. The other exhibits are checks which had been honored by the respective banks on which they were drawn. Some were drawn before and some after the 4th of August, 1927, the date of the crime. They were all writings in the course of business with no circumstances appearing to indicate that they were fabricated. We think the foundation was prima facie sufficient to establish their genuineness, and that it was error for the court to exclude them, without indicating that further foundation was required. In the state of the record appellant could not be expected to go further with his foundation. It was apparent the court would not admit the exhibits, though conclusively proven to be genuine.

Appellant's right to show that the handwriting and the indorsement on the forged check was, not only not his handwriting, but that it was the handwriting of M. J. Babbitt, should be considered for the information of the trial court in the event of another trial.

It is appellant's contention that such proof tends to show that Babbitt committed the crime, and that he did not, and that it was therefore admissible as a part of his defense. In support of his contention he cites a number of cases. In Mandosa v. State, 88 Tex. Cr. R. 84, 225 S. W. 169, it was held that in all cases it was proper to prove by competent evidence that the offense was committed by another than accused. In People v. Mitchell, 100 Cal. 328, 34 P. 698, it was held that evidence that a third person was guilty of the murder is admissible, though he had been previously acquitted of the offense. In Green v. State, 154 Ind. 655, 57 N. E. 637, the principle was recognized. In Hale v. U. S. (C. C. A.) 25 F. (2d) 430, 436, it was said: "While evidence tending to show that another party might have committed the crime would be ad-

missible, before such testimony can be received there must be such proof of connection with it, such a train of facts or circumstances as tend clearly to point out some one besides the prisoner as the guilty party. Remote acts, disconnected and outside of the crime itself, cannot be separately proved for such a purpose." In State v. Cambron, 20 S. D. 282, 105 N. W. 241, a prosecution for keeping a disorderly house, this court held it was not a defense to show that another was equally guilty. To be available as a defense the proof that another is guilty must show that as a consequence thereof defendant is not guilty.

The Attorney General argues that there is no contention that the handwriting on the face of Exhibit 1 (the forged check), is that of the defendant; that the handwriting in issue is only in respect to the indorsement on Exhibit 1, and that there is nothing inconsistent with the theory of this case, if the face of Exhibit 1 was written by Babbitt. He says: "The defendant in this case is not charged with forging Exhibit '1' but rather with uttering Exhibit '1,' a forged instrument, knowing it to be forged, and the only handwriting upon Exhibit '1' which has been shown to be that of defendant is the endorsement on the reverse side of Exhibit '1.'" The state overlooks the testimony of Joe Koch, not denied, that the writing on the face of the exhibit was, in his opinion, identical with the indorsement. We do not find that there was any contenton at the trial that the face and the indorsement were not in the same handwriting. True, appellant might be guilty of uttering the forged instrument without having written either the face of the check or the indorsement thereon, but in that case the testimony of Mrs. Swanson that appellant wrote the indorsement in her presence could not be true. We think accused should have been permitted to show that the handwriting on the face of the check and the indorsement were both in the handwriting of Babbitt to dispute the testimony of Mrs. Swanson that appellant, not only uttered the check, but that he indorsed it in her presence. While such evidence does not disprove the charge that he uttered the check, it does dispute the theory of the state that he uttered it in the certain manner testified to, and there is no proof that he uttered it in any other manner. The court should have admitted such portion of the evidence offered implicating Babbitt as the guilty party as would contradict the testimony and theory of the

state. But unless to prove Babbitt guilty would prove accused innocent, the court was not obliged to receive such proof as a defense. He need receive only such part thereof as will fairly meet and explain or contradict the evidence of the state.

The judgment and order appealed from are reversed.

BROWN, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.