STATE OF WEST VIRGINIA *v.* ALONZO HARDEN

(No. 8174)

Submitted October 13, 1936. Decided November 10, 1936.

*Stanley C. Morris* and *C. E. Kimbrough, Sr.,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *W. Holt Wooddell,* Assistant Attorney General, for the State.

HATCHER, PRESIDENT:

The defendant was indicted for and convicted of grand larceny from the State of West Virginia.

He had direct charge of money paid by students and others to West Virginia State College from 1931 to 1934,

when an audit of his accounts with the College disclosed an accumulated shortage of $5,981.59. Other duties imposed by his superiors required his absence from his office a large per cent of the time. He was furnished a number of assistants from the student body, who helped handle the collections, and during his absences, were in charge of the office. The collections, whether paid to defendant or his assistants, were placed temporarily in a cash box and removed later to the bank. While the money remained in the box, it was accessible to the college officials and instructors. Defendant denied taking any of the money himself. The state proved, however, that a number of receipts to students from defendant's office were not reported to the Board of Control and were not accounted for on the final audit, some of which, totalling several hundred dollars, were signed by defendant himself, and that he admitted knowing for nearly a year prior to the audit that his accounts were short and using money from each month's collections to pay the shortage of the month next preceding. The auditor segregated only one item, a check of $234.09, which he could say was appropriated personally by defendant. This was a check from the school director of athletics, to pay for certain damage to the college property and to replace certain athletic equipment stolen from the students. The check was payable to the State of West Virginia, was indorsed by the president of the college, and turned over to defendant who cashed it. He showed replacement purchases by himself for the students amounting to $101.97; he testified of giving money instead of equipment to three students (neither names nor amount stated), and of depositing the balance of the money from the check, along with collections, to the credit of the college in bank. He did not identify that balance among his deposits.

The theory of the state is expressed in the following instruction given on its behalf:

"The Court instructs the jury that if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Alonzo S. Harden, between the 1st day of January, 1931, and the 1st day of March, 1934, stole or

converted to his own use Twenty Dollars, or more, of the money belonging to the State of West Virginia, then you should find him guilty of grand larceny, as charged in the within indictment."

The defendant did not object to this instruction, but contends there is no proof of appropriation to his own use. Since he did not trace specifically the restoration (deposit) to the State of the admitted balance unexpended from the athletic director's check of $234.09, the jury had the right to believe there was no such restoration. He would raise the point that this check did not represent money belonging to the State. He overlooks the fact that part of this check was in payment of damages to the State's property. Furthermore, since he was in charge of the collections, the jury had the right to infer from his admitted concealment of the shortages, his felonious connection therewith.

The main theory of defendant is expressed in the following instruction, which was refused:

"The jury are instructed that when two or more persons had the same opportunity to commit the offense, and if upon the whole evidence in the case there remains a reasonable doubt as to which of them committed it, then none of them can be convicted. And if you believe from all the evidence in this case that others than the defendant, Alonzo Harden, had the same opportunity that he had to misappropriate the funds mentioned in the indictment in this case and entertain from said evidence a reasonable doubt as to the guilt of the defendant in this case, then you should find the defendant not guilty."

The fallacy of defendant's theory is that the misappropriation of the college funds was not a single offense, or even a series of offenses which only one person could have committed. (See generally thereon *State* v. *Cremeans,* 62 W. Va. 134, 57 S. E. 405; *State* v. *Croston,* 103 W. Va. 380, 137 S. E. 536; *Commonwealth* v. *Murphy,* 282 Mass. 593, 185 N. E. 486; *Burnett* v. *State,* 62 N. J. Law 510, 41 A. 719. *Contra: Lindsay* v. *State,* 69 Fla. 641, 68 So. 932. All of the missing $5,981.59 was not taken at one time but in multiple larcenies extending over a period

of three years. It is obvious, as defendant contends, that a number of people had the opportunity to engage in those larcenies. But if proving another person guilty does not prove the accused innocent, such proof does not avail the accused. *State* v. *Beets,* 57 S. D. 486, 233 N. W. 917. Had other persons occasioned all of the many shortages save one, and the defendant caused only that one, their guilt would not palliate his. Consequently, the opportunity of others to misappropriate the college funds should not becloud the proof of larceny charged solely to defendant.

The defendant complains of refusal to give several other instructions. Wherever proper instructions were refused, they were substantially duplicated in others which were given. He asserts that venue was not proven. The record discloses that the business office of the college is in Kanawha County, the county charged in the indictment. He contends that the data for the audit of his account was insufficient. Since he admitted his connection with the athletic director's check, and since the state proved his admissions of shortage in his account, an analysis of the audit is uncalled for. He excepted to certain rejections of evidence. But that same evidence reached the jury at other times during the trial.

Being of opinion that the guilt of the defendant was a jury question and that he suffered no prejudicial error from the rulings of the trial court, the judgment is

*Affirmed.*