STATE OF IOWA, Appellee, v. LUTHER JOHNSON, Appellant.

No. 43644.

JANUARY 19, 1937.

REHEARING DENIED MAY 8, 1937.

Cook & Cook, for appellant.

Edward L. O'Connor, Attorney General, Walter F. Maley, First Asst. Attorney General, Henry J. Roelofs, Spec. Asst. Attorney General, and Willis A. Glassgow, County Attorney, for appellee.

DONEGAN, J.—The county attorney's information filed in this case charged the defendant with illegal possession of alcoholic liquor on the 12th day of December, 1935, in Page county, Iowa, in violation of chapter 93-F1, at section 1921-f3. To this information the defendant plead not guilty. Upon trial of the case the State introduced evidence showing that on the 12th day of December, 1935, under a search warrant duly issued, the deputy sheriff, a constable and a police officer searched a gasoline station operated by the defendant and also the home of the defendant, both in the town of Essex in Page county; that in the filling station they found five bottles of alcohol; that they found eight gallons of whiskey in an upstairs room of the defendant's home, and also one bottle of whiskey in the basement thereof; that in an out-building in the yard of the defendant's residence they found several empty liquor bottles and jugs, which had minute quantities of liquor in them which smelled like whiskey; that all of the liquor thus found in both the filling station and at the home of the defendant was intoxicating liquor; and that there were no state liquor seals on any of the bottles containing such intoxicating liquor. The defendant introduced no evidence, but, at the close of the State's evidence, he filed a motion for a directed verdict in his favor on the following grounds:

"That the testimony and all evidence introduced by the State fails to prove that the defendant is guilty of the crime charged.

"That no evidence has been introduced showing that the liquor was purchased in the State of Iowa or for sale in the State of Iowa."

It is the contention of the appellant that, under the liquor laws of the state of Iowa, as they existed at the time of the seizure of the liquor here involved, the mere possession of intoxicating liquor in this state, in bottles or containers which do not bear the liquor seals of the liquor commission of the state of Iowa, is not a violation of the law; that the evidence introduced in this case went no further than to prove that the defendant had in his possession intoxicating liquor in bottles which did not bear the seals of the liquor commission of the state of Iowa; and that, therefore, there was not sufficient evidence to submit to the jury under which they might find the defendant guilty of the offense charged in the information.

Section 1921-f3 of chapter 93-F1 of the Code of 1935, which the defendant is charged with violating, provides that,—

"It shall be unlawful to manufacture for sale, sell, offer or keep for sale, possess and/or transport vinous, fermented, spirituous, or alcoholic liquor, * * * except upon the terms, conditions, limitations and restrictions as set forth herein."

As appears in the indictment, this section is a part of chapter 93-F1 of the Code of 1935, and section 1921-f1, which is the first section in said chapter, provides that,—"This chapter shall be cited as the Iowa liquor control act, and shall be deemed an exercise of the police power of the state, for the protection of the welfare, health, peace, morals and safety of the people of the state, and all its provisions shall be liberally construed for the accomplishment of that purpose, and it is declared to be the public policy that the traffic in alcoholic liquors is so affected with a public interest that it should be regulated to the extent of prohibiting all traffic in them, except as hereinafter provided for in this chapter through the medium of an Iowa Liquor control commission by this chapter created, in which is vested the sole and exclusive authority to purchase alcoholic liquors, as defined herein, for the purpose of resale."

Section 1921-f18 of this chapter provides for the establishment and maintenance of liquor stores for the storage and sale of liquor in accordance with the provisions of the chapter. Section 1921-f22 of this chapter provides that no sale shall be made except by such liquor stores or distributors as provided in the chapter. Section 1921-f24 provides that no liquor shall be sold by such liquor stores or distributors except in sealed containers with the official seal or label prescribed by the commission on such container. Section 1921-f54 provides that the state liquor commission is granted the sole and exclusive right of importation into the state of all forms of alcoholic liquor, and that no person, partnership, club, corporation or association shall import any such alcoholic liquor.

We think it apparent from a reading of all the laws of this state, in regard to intoxicating liquors, that the act known as chapter 93-F1 of the Code of 1935, which is entitled "Iowa Liquor Control Act", intended to place the complete control of all traffic in intoxicating liquors in this state, except beer, under the Iowa liquor control commission; that, under the provisions

of this act, all intoxicating liquors, except beer, manufactured, sold, kept for sale, possessed within this state, or transported into this state, are subject to the Iowa liquor control commission, except as otherwise provided in the act; and that, except as otherwise provided in the act, before any such liquors legally can reach the hands of private individuals, they must be in containers bearing the seals of the Iowa liquor control commission.

It is undisputed that the defendant in this case had in his possession a large quantity of intoxicating liquors in containers which did not bear the seals of the Iowa liquor control commission. There was nothing in the evidence which tended to show that these liquors were possessed ''upon the terms, conditions, limitations and restrictions as set forth'' in the Iowa Liquor Control Act. No claim is made as to the invalidity of any provision of the liquor control act, but it is contended by the appellant that, under section 1921-f24, the prohibition of possession of such alcoholic liquors in containers which do not bear the seals of the Iowa liquor control commission applies only to liquor bought or sold in this state. The provision referred to is that ''possession of alcoholic liquors bought or sold in the state which do not carry such label or seal shall be considered a violation of this chapter.'' It is argued that because this provision, in regard to possession of intoxicating liquors without seals, refers only to such liquors as are bought or sold in this state, there is no prohibition of the possession of intoxicating liquors without seals, if such liquors are not bought or sold in this state but are brought into this state from the outside. With this contention of appellant we cannot agree. The liquor in the possession of the defendant was either bought within this state or it was brought into the state from outside of the state. If it was brought into the state by the liquor control commission it would have to bear the labels or seals of the commission before it could reach the hands of a purchaser. The fact that these liquors did not bear the seals of the Iowa liquor control commission is evidence that they were either bought in this state in violation of section 1921-f24, or that they were brought into this state in violation of section 1921-f54. State v. Arluno, 222 Iowa 1, 268 N. W. 179, and cases therein cited. In fact, while it is not shown in the evidence, it is admitted in appellant's argument that these liquors were bought in Missouri and brought into Iowa from Missouri. In either event, such liquors were in the possession of the de-

fendant in violation of section 1921-f3, and the possession thereof under said section did not come under any of the terms, conditions, limitations and restrictions set forth in the act.

Under the plain provisions of section 1921-f3, it is made unlawful for any person to "possess and/or transport * * * alcoholic liquor * * * *for any purpose whatsoever,* except upon the terms, conditions, limitations and restrictions" as set forth in the liquor control act. We see no reason why this provision should receive any different construction than the provision in regard to possession, contained in section 1924 of the Codes of 1924, 1927, 1931 and 1935. That section provides that, "no one * * * shall * * * have possession of any intoxicating liquor, except as provided in this title." Under that statute it was held that the mere possession of intoxicating liquor was a violation of the statute. State v. Boever, 203 Iowa 86, 210 N. W. 571; State v. Wareham, 205 Iowa 604, 218 N. W. 145; State v. Bamsey, 208 Iowa 796 , 223 N. W. 873. It was further held under that statute that the proof of possession of intoxicating liquor made a case for the jury; that the burden was not upon the state to prove that such possession did not come within any of the exceptions referred to in the statute; and that the burden of proving that the possession did come within any of such exceptions was upon the defendant. See State v. Boever, 203 Iowa 86, 87, 210 N. W. 571, 572, wherein it is said:

"There is no reason for the application of any rule of construction. The prohibition of the law is plain that no one shall keep for sale or have possession of any intoxicating liquor except as provided by law. The defendant, as the possessor of liquor, was entitled to show, in defense, that the liquor found in his possession was legally in his possession. In brief, the statute prescribes certain defensive matter (section 2, chapter 42, Acts of the Forty-first General Assembly) which, if established by the defendant, constitutes a defense to the accusation. No obligation rests upon the State to allege and prove the provisos, or to negative the exceptions in the instant indictment. See State v. Kendig, 133 Iowa 164, 110 N. W. 463."

In the instant case, the possession by defendant of intoxicating liquors in quite large quantities was shown in the evidence and admitted by defendant in argument. No defense was plead and no evidence offered or introduced tending to show that the

liquors involved came within any of the exceptions to the liquor control act. No claim is made that any of the provisions of the Iowa Liquor Control Act is invalid. The only defense offered is that the provision of section 1921-f24, in regard to the possession of intoxicating liquors without seals, applies only to the possession of such liquors as are bought or sold in this state, and that there is no evidence tending to show that these liquors were bought or sold in Iowa. The evidence was amply sufficient to show that the possession was in violation of the plain provisions of the Iowa Liquor Control Act and to sustain the conviction of the defendant in this case.—Affirmed.

RICHARDS, C. J., and MITCHELL, ANDERSON, HAMILTON, PARSONS, and STIGER, JJ., concur.