STATE OF IOWA, Appellee, v. AL ROSENBERG et al., Appellants.

No. 46963.

█ 

JUNE 17, 1947.

 

Walter F. Maley and C. S. Missildine, both of Des Moines, for appellants.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, Carroll O. Switzer, County Attorney, and Ed S. Thayer, Assistant County Attorney, for appellee.

GARFIELD, J.—Defendants Al Rosenberg and Jack Lewis, together with Rea Janecek, were charged by county attorney's information with illegal possession of alcoholic liquor in violation of section 1921.003, Code, 1939 (section 123.3, Code, 1946), of the Iowa Liquor Control Act. Rea Janecek was never arrested or tried for the offense. A jury found Rosenberg and Lewis guilty. Each was ordered to pay a fine of $1,000 and costs and in default of payment of the fine imprisoned in the county jail for ten months. Both have appealed.

 We may say at the outset the judgment of imprisonment should not have exceeded one day for every $3-1/3 of the fine, or a total of three hundred days, rather than ten months. Section 789.17, Code, 1946 (section 13964, Code, 1939); State v. Tucker, Iowa, 24 N. W. 2d 460. With this modification the judgment against Lewis is affirmed. The district court is directed

to modify the judgment accordingly. See State v. Tucker, supra.

The prosecution is based on a raid under a search warrant by deputy sheriffs on November 16, 1945, of a tavern at 216 Fourth Street, in Des Moines, known as Mommie's Place. About forty bottles of whisky and gin were found. Lewis was the bartender on duty who told one of the officers he was in charge of the place. He was "the manager at the time." The State contends Rosenberg was lessee of the premises and proprietor of the tavern. Rosenberg maintains, however, that Mrs. Rea Janecek, jointly charged with him and Lewis, operated the tavern at the time in question and he had no connection with the liquor. Rosenberg's principal complaints here are based on the exclusion of evidence offered by him tending to prove Mrs. Janecek operated the place. It is apparent the defense urged by Rosenberg is not available to Lewis since the claim Mrs. Janecek was the proprietor is not inconsistent with Lewis' guilt. See authorities infra.

The building occupied by the tavern, owned by the Charles Weitz estate, was rented for five years from August 1, 1938, to Rosenberg and one Forstenfeld. When the lease expired the owner's representative told Rosenberg he could have the building as a tenant from month to month at $150 a month. The rent was paid each month at a bank, presumably by Rosenberg or someone for him, and credited to the owner's account.

A deputy assessor testified for the State that on February 12, 1945, he assessed the personal property at 216 Fourth Street to Esther and Al Rosenberg, in whose names it had always been assessed. Esther is Al's wife. Al signed and swore to the assessment roll in the names of his wife and him and the State offered it in evidence. There is no evidence Rosenberg was seen at the tavern after the written lease expired in July 1943, except at the time the assessment roll was signed.

Isadore Robinson, an attorney in Des Moines for twenty-six years, testified that in June 1943, he prepared a written agreement which Esther Rosenberg and Rea Janecek signed. This writing provides that "from and after this date [Mrs. Janecek] shall operate the business known as Mommie's Place, 216 Fourth

Street, Des Moines'' on stated terms; shall obtain a class B permit as of July 1, 1943, and renew it while she operates the business; pay all expenses, including rent and wages; have the use of all fixtures. Defendants' offer of this writing (Exhibit 6) was excluded on the State's objection it was hearsay, not made by either defendant nor by any witness whom the State could cross-examine. Robinson's testimony was later stricken on the State's motion for similar reasons.

The secretary of the state permit board identified a state beer permit which expired July 1, 1946, issued July 9, 1945, to ''Mrs. Rea Janecek d/b/a Mommie's Place, 216 Fourth Street, Des Moines.'' Defendants' offer of this permit (Exhibit 3) was excluded on the State's objection it was collateral, self-serving, and hearsay. A class B beer permit issued by the city of Des Moines to Mrs. Janecek for Mommie's Place for the period from July 2, 1945, to July 1, 1946, was identified by the city clerk. This permit (Exhibit 4) was excluded on the State's objection ''there is nothing in the record to show that it is competent, relevant or material.'' Exhibit 5 is a cigarette permit also issued by the city of Des Moines to Mrs. Janecek for Mommie's Place for the period from July 1, 1945, to June 30, 1946. Exhibit 7 is a $500 bond of Mrs. Janecek and a corporate surety, filed with the city before the issuance of the class B beer permit, Exhibit 4, together with the application for this permit. The application is sworn to by Mrs. Janecek and recites she is the owner and operator of the business. Exhibit 8 is a $500 bond of Mrs. Janecek and the same corporate surety, also filed with the city before the issuance of the cigarette permit. The recitals of this application are similar to those of Exhibit 7. Exhibit 9 is a verified statement by Esther Rosenberg, dated June 2, 1944, filed with the county recorder of the county in which Des Moines is located, stating she has no further interest in the business conducted under the trade name of Mommie's Place. Exhibit 10 is a verified statement by Mrs. Janecek, dated June 2, 1944, also filed with the county recorder, stating she is the owner of the business. Defendants contend Exhibits 9 and 10 were filed pursuant to sections 9866.1, 9866.2, Code, 1939 (sections 547.1, 547.2, Code, 1946).

Exhibits 5, 7, and 8 (the cigarette permit and the bonds and applications for the class B permit and for the cigarette permit) were all excluded as incompetent, irrelevant, and immaterial. Exhibits 9 and 10 (the trade-name affidavits) were excluded as hearsay and because the persons named in the exhibits were not produced for cross-examination by the State. The testimony of the secretary of the state permit board, the city clerk, and the deputy county recorder, by which the above exhibits, 3 to 5 and 7 to 10 were identified, was all stricken on the State's motion "for the reasons urged," presumably in the objections to the exhibits. The court also excluded testimony of Des Moines police officers and a cook at the tavern that during the fall of 1945 they saw permits similar to Exhibits 3, 4, and 5 on display at the place.

Exhibits 1 and 2 are special tax stamps issued by the Federal Bureau of Internal Revenue to Mrs. Janecek for 216 Fourth Street, Des Moines, for the period from July 1945, to June 30, 1946. Exhibit 1 evidences a tax on "Coin-Operated Amusement Devices." Exhibit 2 is a retail liquor dealer's stamp. Defendants' attempts to identify the stamps and prove they were on display in the tavern were rejected on the State's objection as incompetent, irrelevant, and immaterial.

Rosenberg assigns as error striking the testimony of Attorney Robinson and the three public officers who identified various of the Exhibits 1 to 10, and the exclusion of said exhibits. The rulings constitute reversible error as to Rosenberg.

 Rosenberg had the right to show in defense by competent evidence that Mrs. Janecek was in charge of the tavern. Such evidence would tend to show her guilt and his innocence of the crime charged. See 15 Am. Jur., Criminal Law, section 331; 22 C. J. S., Criminal Law, section 622b; Underhill's Criminal Evidence, Fourth Ed., 588, section 296. When a defendant offers proof tending to incriminate another in the crime charged, it must be confined to substantive facts that are inconsistent with his guilt and create more than a mere suspicion such other person committed the offense. State v. Banoch, 193 Iowa 851, 855, 186 N. W. 436, and authorities cited. See, also, State v. Papst,

221 Iowa 770, 775, 266 N. W. 498. The evidence offered here meets this test.

■ The State's case against Rosenberg is based on circumstantial evidence. As stated, so far as appears, he had been seen at the tavern only once since 1943 and that was in February 1945. The tavern was raided in November. The rejected evidence creates more than a mere suspicion that Mrs. Janecek, not Rosenberg, was in charge of the tavern. If Mrs. Janecek were on trial for the offense, the offered proof (except perhaps Exhibit 9, the trade-name affidavit of Esther Rosenberg) would clearly be admissible, and would make a much stronger case against her than is here made against Rosenberg. Likewise, if the various permits and stamps had been issued to Rosenberg, rather than to Mrs. Janecek, they would be competent evidence against Rosenberg and would materially strengthen the State's case against him. We know of no sound rule of law that renders the exhibits inadmissible when offered by Rosenberg to show Mrs. Janecek's guilt and his innocence.

The State contends the agreement between Mrs. Rosenberg and Mrs. Janecek (Exhibit 6) is admissible only if identified by one or both of these women, so the State could cross-examine them. We are cited to no authority that sustains the contention and we think it unsound. Attorney Robinson's identification of the signatures is as reliable as if the women themselves had testified—at least the jury could so find. It is true Rosenberg was not a party to the agreement, but the State itself offered evidence that the contents of the tavern were assessed in 1945 to Esther and Al Rosenberg. Further, the jury could find from evidence offered but excluded that Rosenberg ratified the act of his wife in making the contract. Defendants also offered evidence additional to the excluded exhibits which tends to show Mrs. Janecek was the proprietor of the place at the time of the raid.

The cook who was in charge of the food business in the tavern from November 1944 until January 1946 testified she rented the kitchen from Mrs. Janecek. The evidence was stricken as incompetent, irrelevant, and immaterial. Police officers said

they saw Mrs. Janecek in the place during 1945, particularly during the fall. Defendants sought to show by them what Mrs. Janecek was doing when they visited the tavern but the court ruled the evidence incompetent, apparently because not given by Mrs. Janecek so the State could cross-examine her. A police officer who visited the tavern from time to time during 1945 and a waiter who worked there during October and November were not permitted to testify they knew Mrs. Janecek. The court ruled such testimony incompetent, irrelevant, and immaterial. All these rulings were erroneous. The testimony tended to prove Mrs. Janecek was in charge of the place or was preliminary to such a showing.

All the rejected evidence has to do with occurrences prior to the raid. As stated, the agreement (Exhibit 6) was made in 1943. The permits and internal revenue stamps were issued about July 1, 1945. Exhibits 1 to 5 and 7 to 10 are either official documents or matters of public record relevant and material to the issues. We do not have here the question of the admissibility of a confession or admission of guilt or evidence of flight by a third person after the crime was committed nor of mere hearsay declarations made, before or after commission of the crime, to those who were examined. On these questions, see State v. Williams, 195 Iowa 785, 807, 192 N. W. 901; Brown v. State, 99 Miss. 719, 55 So. 961, 37 L. R. A., N. S., 345, and note 345–351; Donnelly v. United States, 228 U. S. 243, 33 S. Ct. 449, 57 L. Ed. 820, Ann. Cas. 1913E, 710, and note 722; Carlton v. People, 150 Ill. 181, 37 N. E. 244, 246, 41 Am. St. Rep. 346.

The State contends the only competent evidence Mrs. Janecek was in charge of the tavern would be the direct testimony of Rosenberg and Mrs. Janecek. But we think otherwise. Especially since the evidence against Rosenberg is wholly circumstantial, he was entitled to show by the same character of evidence Mrs. Janecek's operation of the tavern. 22 C. J. S., Criminal Law, section 622b. Of course, the State is entitled to rebut such evidence. Id.

Among other authorities that tend to support our decision on this branch of the case are Commonwealth v. Murphy, 282

Mass. 593, 185 N. E. 486; State v. Beets, 57 S. D. 486, 233 N. W. 917; Green v. State, 154 Ind. 655, 57 N. E. 637; People v. Dewachter, 353 Ill. 266, 187 N. E. 472.

The above conclusions do not conflict with our decisions in State v. Rand, 238 Iowa 250, 264, 25 N. W. 2d 800, 808, and Rand v. Ladd, 238 Iowa 380, 393, 26 N. W. 2d 107, 113, in which we held somewhat similar evidence was properly excluded. An important distinction between the instant case and the cited ones is that the evidence which was there excluded was not inconsistent with the guilt of the person charged but tended to show merely his wife's participation in the offense, without exonerating him. The authorities agree a defendant may offer evidence incriminating another only where it is inconsistent with defendant's guilt. Further, most of the evidence which was excluded in the Rand cases was in the nature of self-serving declarations of the accused's wife and not official documents or matters of public record such as we have here. Again, the evidence of guilt in the Rand cases was not wholly circumstantial.

■ Defendants complain of the court's refusal of their requested instructions 8 to 12. Request No. 8 and parts of 9 and 10 are substantially covered by the instructions given. As to the portions covered, of course defendants have no ground for complaint. State v. Mauch, 236 Iowa 217, 226, 17 N. W. 2d 536, 541.

■ Request No. 10 contains a statement that the jury should not consider evidence which had been stricken. So far as appears, the only evidence stricken had been offered by defendants and the exclusion was upon the State's motion. Obviously, defendants were not prejudiced by the refusal of this portion of the request. If the jury considered evidence offered by defendants and later stricken, presumably they benefited therefrom.

The remainder of the requested instructions deal with Rosenberg's contention that Mrs. Janecek had taken over operation of the tavern. With respect to these it is sufficient to say that if upon a retrial evidence is offered similar to that heretofore considered in support of such contention, the jury should

be instructed in effect to consider such evidence and if they find Mrs. Janecek operated the tavern at the time in question and Rosenberg was not concerned or engaged in so doing, they should acquit him.

Defendants contend it was error to receive in evidence the liquor seized in the raid. Upon the trial they conceded the liquor was seized at the tavern during the raid and was intoxicating. Defendants objected to the offer in evidence of the liquor on the ground only that their ownership or possession of it was not shown. As to Lewis, the bartender who told the officers he was in charge of the place and who—according to the evidence—sold liquor by the drink, the overruling of the objection was clearly proper. As to Rosenberg the question presented involves the claimed insufficiency of the evidence to support his conviction. This claim is also argued under other assignments of error, particularly the overruling of the motion for directed verdict. We are inclined to hold the evidence sufficient. Of course, we must view it in the light most favorable to the State.

There is substantial evidence that Rosenberg owned and operated the tavern after the written lease expired in July 1943, and until the raid in November 1945. The jury could find the oral lease was made with him, no right to sublet the premises was given, he continued to pay the rent, in February 1945 he signed the assessment roll for 1945 in the names of his wife and him. Applicable here is a presumption that Rosenberg's ownership and possession of the tavern and its contents continued until the contrary is shown. 31 C. J. S., Evidence, sections 124a, 124b (3) ; 20 Am. Jur., Evidence, sections 207, 208; Roberts v. Morse, 190 Iowa 1344, 1350, 181 N. W. 678; Carr v. King & Tomlinson, 184 Iowa 734, 738, 169 N. W. 133; State v. Dexter, 115 Iowa 678, 680, 87 N. W. 417.

If Rosenberg was the proprietor of the tavern where, as the evidence showed, liquor by the drink was sold openly by the bartender at all hours of the day and night, even to a fifteen-year-old girl, in plain violation of law, the jury could properly find the forty bottles found by the officers were not there without Rosenberg's knowledge, consent, and willful par-

ticipation therein. As bearing on the sufficiency of the evidence, see State v. Johnson, 222 Iowa 1204, 271 N. W. 223; State v. Bruns, 211 Iowa 826, 232 N. W. 684; 48 C. J. S., Intoxicating Liquors, section 271.

Some other errors are assigned. Some of them are deemed waived because not argued. Rule 344(a), Rules of Civil Procedure, made applicable to appeals in criminal cases by section 793.17, Code, 1946; State v. Mead, 237 Iowa 475, 22 N. W. 2d 222. We need not discuss those not waived. We find no reversible error in them.—Reversed on appeal of Rosenberg; modified, affirmed, and remanded on appeal of Lewis.

OLIVER, C. J., and BLISS, HALE, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.